**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JULIAN VARGAS,

             Plaintiff - Appellant,

   v.

D. WABAKKEN, Correctional Lieutenant,
in his/her official capacity,

             Defendant - Appellee.

No. 09-55609

D.C. No. 5:08-cv-00822-VBF-SS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

   Julian Vargas, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 due process action arising from

a prison disciplinary charge for the possession of heroin.  We have jurisdiction

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 770 (9th Cir. 2006).  We affirm.

The district court properly dismissed Vargas's due process claim because he failed to allege facts in his second amended complaint that implicate a constitutionally-protected liberty or property interest.  *See Sandin v. Conner*, 515 U.S. 472, 487 (1995) (a misconduct record that will not inevitably affect future parole decisions "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause.").  To the extent Vargas contends the misconduct report resulted in a loss of good time credits that will affect the duration of his sentence, his claim is *Heck*-barred.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (barring section 1983 actions when judgment in favor of the plaintiff would necessarily imply the invalidity of a sentence not otherwise invalidated).

Contrary to Vargas's contention, the district court did not abuse its discretion by denying further leave to amend.  *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) ("Where the plaintiff has previously filed an amended complaint . . . the district court's discretion to deny leave to amend is particularly broad.") (citation and internal quotation marks omitted).

Vargas's remaining contentions are unpersuasive.

**AFFIRMED.**